```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

ALONZA WEEKS,                     )
                                  )    Civil No. 05-216-MO
         Petitioner,              )
                                  )
     v.                           )
                                  )
JEAN HILL,                        )    OPINION AND ORDER
                                  )
         Respondent.              )


     Thomas J. Hester
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Lester R. Huntsinger
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent


      1 - OPINION AND ORDER
```

MOSMAN, District Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his underlying state convictions for Assault, Attempted Sodomy, Sexual Abuse, Unauthorized Use of a Vehicle, Burglary, Robbery, and Attempted Aggravated Murder.  For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied and this case is dismissed with prejudice.

## BACKGROUND

On October 6, 1999, the Multnomah County Grand Jury returned an indictment charging petitioner with Assault in the Second Degree, Attempted Sodomy in the First Degree, Sexual Abuse in the First Degree, Unauthorized Use of a Vehicle, Burglary in the First Degree, Robbery in the First Degree, and Attempted Aggravated Murder.  Respondent's Exhibit 102.  Petitioner pled no contest to all of the charges, and the court imposed consecutive sentences of 120 months for Attempted Aggravated Murder, 90 months for Robbery in the First Degree, and 6 months for Unauthorized Use of a Vehicle.  Respondent's Exhibit 101.  The court imposed concurrent sentences on the remaining counts.  Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review.  State v.

2 - OPINION AND ORDER

Weeks, 181 Or. App. 125, 46 P.3d 228 (2002), rev. denied 334 Or. 411, 52 P.3d 436 (2002).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County, but the PCR trial court denied relief. Respondent's Exhibit 120. The Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 123, 125 & 126.

On February 15, 2005, petitioner filed the current action. Petitioner's grounds for relief as set forth in his Petition can be characterized as follows:

1. The trial court erred in imposing consecutive sentences due to its failure to make the specific findings required by ORS 137.123,;

2. Trial counsel was ineffective when he:

   (a) Failed to obtain the victim's emergency room records showing that she was not badly hurt and needed only two stitches below the eye. These records would have put counsel in a position to contest the charge of Attempted Aggravated Murder.

   (b) Coerced petitioner into pleading no contest to all charges by telling petitioner that if he did not plead no contest he would receive 95-year sentence;

   (c) Failed to conduct an adequate and proper investigation in that counsel's investigation consisted solely of reviewing the prosecution's investigative file; and

   (d) Failed to obtain petitioner's medical records from the Veterans Administration ("VA") showing that petitioner suffers from Post Traumatic Stress Disorder ("PTSD").

3 - OPINION AND ORDER

Respondent asks the court to deny relief on the Petition because: (1) none of the claims raised in the Petition are argued in petitioner's supporting memorandum; (2) all of the claims argued in the supporting memorandum were not fairly presented to the Oregon state courts and are now procedurally defaulted; (3) Ground One presents only a state law issue, and to the extent it raises a federal question, it was not fairly presented to the state courts and is now procedurally defaulted; (4) the state court findings are entitled to deference; and (5) Grounds 2(a)-(d) lack merit.

## DISCUSSION

I.  **Abandoned Claims**.

In her Response, respondent addressed all of the claims set forth in the Petition and identified various reasons why petitioner is not entitled to relief on those claims. Petitioner has not supported the claims set forth in Grounds 1, 2(a), and 2(d) with any briefing.[1] Accordingly, the court deems them abandoned. Cf. Doty v. County of Lassen, 37 F.3d 540, 548 (9th Cir. 1994) ("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

---

[1] Although petitioner argues that counsel failed to consider his psychiatric condition as it "bore upon the intentional mental state the State had to establish beyond a reasonable doubt[,]" he does not dispute the finding that counsel did obtain his VA records--the relevant issue set forth in Ground 2(d). The court therefore considers this argument as it pertains to counsel's alleged failure to perform a proper investigation.

4 - OPINION AND ORDER

The court does find, however, that petitioner argues the merits of claims which are similar to those identified as Grounds 2(b) and 2(c) in the Petition, thus those claims remain before the court.

## II. **Exhaustion and Procedural Default**.

Respondent argues that all of petitioner's argued claims were not fairly presented to the Oregon state courts, and are now procedurally defaulted.

### A. **Standards**.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not

5 - OPINION AND ORDER

eligible for federal habeas corpus review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 337 (1992); <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986).

**B.   Analysis.**

In his supporting memorandum, petitioner argues the following: (1) counsel's advice regarding petitioner's statutory maximum sentence ignored restrictions in Oregon as to when consecutive sentences may be imposed; (2) counsel failed to conduct a proper investigation into the legal significance of petitioner's mental illness and substance abuse; and (3) counsel failed to critically evaluate the State's evidence on the Sexual Abuse, Robbery, and Assault charges.

In his PCR Appellant's Brief, petitioner alleged that counsel coerced and threatened him into pleading no contest, but failed to

6 - OPINION AND ORDER

offer any argument describing how this occurred. Respondent's Exhibit 121, p. 4. Indeed, his argument supporting this claim consisted of only "violation of U.S.C. Amendment 6 and 14." Id at 5. Petitioner did not present any argument for the Oregon Court of Appeals' consideration that counsel misinformed him regarding the statutory maximum sentence he faced if convicted of all charges, thereby coercing him into pleading no contest.

In his Appellant's Brief, petitioner also claimed that counsel "failed to conduct an adequate investigation." Id at 4. Petitioner's argument in support of this claim, in its entirety, reads as follows:

> Defense counsel's choosing to limit his investigation of all facts and circumstances surrounding case prior to entry of plea was not base[d] on a reasonable evaluation of the potential benefits to defendant and was unable to exercise professional judgment and represent defendant in a[n] informed manner.

Id at 5.

This limited argument did not put the Oregon Court of Appeals on notice that it was expected to decide whether trial counsel was ineffective when he failed to: (1) investigate whether petitioner's mental illness and voluntary intoxication precluded him from forming the specific intent necessary to be convicted of Attempted Aggravated Murder, Attempted Sodomy, and Burglary; and (2) critically evaluate the State's evidence with respect to petitioner's convictions for Sexual Abuse, Robbery, and Assault to

7 - OPINION AND ORDER

determine whether petitioner met the specific elements of those crimes.

It is clear that petitioner did not give the Oregon Court of Appeals an opportunity to address the specific claims he presents in his supporting memorandum. In fact, the State did not address the merits of petitioner's claims in the Appellant's Brief, but instead moved for summary affirmance on the grounds that the Appellant's Brief did not identify any challenge to any portion of the PCR trial court's decision as required by the Oregon Rules of Appellate Procedure, and did not present a substantial question of law for the appellate court's review. Respondent's Exhibit 122, pp. 1-2. The Oregon Court of Appeals agreed, and summarily dismissed the appeal without ordering the State to brief the merits of petitioner's claims. Respondent's Exhibit 123.

It is clear from the court's review of the record that petitioner failed to fairly present his argued claims to the Oregon state courts. As the time for doing so has passed, the claims are procedurally defaulted, and petitioner has not attempted to excuse the default. Accordingly, relief on the Petition is denied.

///
///
///
///
///

8 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this  5th  day of January, 2007.

   /s/ Michael W Mosman
   Michael W. Mosman
   United States District Judge

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this  5th  day of January, 2007.

      /s/ Michael W Mosman
      Michael W. Mosman
      United States District Judge